UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ, <br>     Plaintiff, <br> v. <br> J. VANGILDER, et al., <br>     Defendants. | Case No. 16-cv-01320-HSG (PR) <br><br> **ORDER OF SERVICE** |

Plaintiff, an inmate at Centinela State Prison, filed a pro se amended civil rights complaint under 42 U.S.C. § 1983 against staff at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. He has paid the filing fee. His amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the amended complaint, on June 4, 2015, PBSP correctional officers Vangilder and Vasquez were engaging in unprofessional conduct and "horse playing" with each other, which caused one of them to drop a grenade that discharged a chemical agent near plaintiff's cell.  Plaintiff states he began to choke, cough, gag, and experience painful burning in his eyes and lungs from the chemical agent being dispersed.  Plaintiff attempted to obtain medical attention, but his pleas for help were ignored by Vangilder and Vasquez.

Plaintiff also alleges that PBSP supervisory officers Cupp, Cuske, Ohland, and Melton knew that the expended grenade dispersed painful chemical vapors, that plaintiff had been exposed to the vapors, that plaintiff had not been decontaminated or given medical attention, that the pod had not been decontaminated, and that there was no air circulating into the pod.  Despite this knowledge, Cupp, Cuske, Ohland and Melton did nothing to aid plaintiff.

Liberally construed, plaintiff's complaint states a cognizable Eighth Amendment claim for excessive force as against defendants Vangilder and Vasquez.  Plaintiff's complaint also states cognizable Eighth Amendment conditions of confinement claims and deliberate indifference to serious medical needs claims as against defendants Vangilder, Vasquez, Cupp, Cuske, Ohland and Melton.

Finally, plaintiff alleges that defendants' actions violated sections 835, 844.6, and 845.6 of the California Government Code and violated California tort laws against negligence. The Court has federal supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, the Court will exercise supplemental jurisdiction over the aforementioned state law claims pursuant to 28 U.S.C. § 1367.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's complaint states cognizable Eighth Amendment claims and supplemental state law claims.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint (dkt. no. 15), all attachments thereto, and a copy of this order on **J. Vangilder**, **J. Vasquez**, **S. Cupp**, **J. Cuske**, **K. Ohland**, and **D. Melton** at **Pelican Bay State Prison**. The Clerk shall also mail a courtesy copy of this order to Ian Michael Ellis at the California Attorney General's Office.

3. The Court will set a dispositive motion briefing schedule by separate order once screening and service is complete in this action and the three cases that have been related to this action, i.e., *Cisneros v. Vangilder, et al.*, No. C 16-0735 HSG (PR); *Chaidez v. Vangilder, et al.*, No. C 16-1330 NJV (PR); and *Falla v. Ducart, et al.*, No. C 16-0869 HSG (PR). Once defendants have been served in this action, counsel is requested to file a notice of appearance or other such pleading confirming that the case has been served.

**IT IS SO ORDERED.**

Dated: 11/3/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge