UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>J. VANGILDER, et al.,<br><br>Defendants. | Case No.16-cv-01320-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 57 |

Pending before the Court is a motion for judgment on the pleadings by Defendants S. Cupp, J. Cuske, K. Ohland, J. Vangilder, and J. Vasquez. Dkt. No. 57. For the reasons set forth below, the Court **DENIES** Defendants' motion.[1]

## I. BACKGROUND

### A. Factual Allegations

For purposes of this motion, the Court takes the following allegations of fact to be true. Plaintiff Daniel Manriquez is incarcerated in the "C pod" at Pelican Bay State Prison ("Pelican Bay"). Dkt. No. 53 (Second Amended Complaint, or "SAC") ¶ 13. Defendants are employees at Pelican Bay. *See id.* ¶¶ 8-12. Plaintiff alleges that on June 4, 2015, Vangilder and Vasquez were inside a control booth which connects to the C pod, "horse playing" with a "military-grade" grenade "designed to quickly release oleoresin capsicum ('OC') into the air." *Id.* ¶¶ 15-16. OC is "known to cause pain" on contact. *See id.* ¶ 16. Vangilder subsequently dropped the grenade, which detonated in the control booth. *Id.* ¶ 18. Vangilder and Vasquez then "opened the windows to the control booth, allowing a fog of OC to quickly fill the surrounding space." *Id.* "Upon being

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

United States District Court
Northern District of California

exposed to the OC, [Plaintiff] began coughing, gagging, and choking, in addition to experiencing an intense, burning pain on his skin, and in his eyes, nose, mouth, throat, and lungs." *Id.* ¶ 19.

Plaintiff alleges that Vangilder and Vasquez ignored his and the other affected prisoners' calls for help, and instead "focused on decontaminating themselves" and obtaining medical care. *Id.* ¶ 21. Plaintiff further alleges that Vangilder and Vasquez did not close the control booth windows to contain the OC, evacuate or ventilate the pods, show Plaintiff how to decontaminate himself, or provide him with access to medical care. *Id.* ¶ 20. Defendants Cupp, Cuske, and Ohland—Vangilder and Vasquez's supervisors—"went to the scene of the incident" shortly thereafter but ignored calls for help by Plaintiff and the other prisoners. *Id.* ¶ 23. Moreover, the supervisors "did not instruct their respective subordinates to ventilate the pods, assist the prisoners with decontamination of their persons and cells, and provide the prisoners with access to medical care." *Id.*

Plaintiff's person and cell "remained contaminated with OC" for several hours following the detonation, and "Defendants continued to ignore [his] requests for help." *Id.* ¶ 24.

### B. Procedural Posture

Plaintiff filed the SAC on November 30, 2017.[2] As relevant here, Plaintiff alleges battery against Vangilder. *See* SAC ¶¶ 26-30. Defendants answered on December 13, 2017. Dkt. No. 55. On April 25, 2018, Defendants filed a motion for judgment on the pleadings. Dkt. No. 57 ("Mot."). Plaintiff filed his opposition on May 9, 2018, Dkt. No. 64 ("Opp."), and Defendants replied on May 16, 2018, Dkt. No. 68 ("Reply").

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Granting a judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "Because a Rule

---

[2] This case is related to *Cisneros v. Vangilder*, No. 16-cv-0735-HSG (PR), *Falla v. Ducart*, No. 16-cv-0869-HSG (PR), and *Chaidez v. Vangilder*, No. 16-cv-1330-HSG (PR). Dkt. No. 19.

1    12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review

2    applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys.,*

3    *Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)) (internal quotation marks omitted).

4    "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable

5    legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela*

6    *Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(a) (requiring that

7    a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

8    relief"). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to

9    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

10   is facially plausible when a plaintiff pleads "factual content that allows the court to draw the

11   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

12   556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual

13   allegations in the complaint as true and construe the pleadings in the light most favorable to the

14   nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

15   2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory,

16   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536

17   F.3d 1049, 1055 (9th Cir. 2008).

### III. DISCUSSION

19   Defendants move to dismiss Plaintiff's battery claim against Vangilder under Rule 12(c),

20   contending that Plaintiff "fails to allege factual content pointing to the necessary intentional action

21   by Officer Vangilder." *See* Mot. at 3. The Court disagrees.

22   "The elements of civil battery are: (1) defendant intentionally performed an act that

23   resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent

24   to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to

25   plaintiff." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27 (2009). "[T]he element of intent

26   is satisfied if the evidence shows defendant acted with a 'willful disregard' of the plaintiff's

27   rights." *Ashcraft v. King*, 228 Cal. App. 3d 604, 613 (1991) (citing *Lopez v. Surchia*, 112 Cal.

28   App. 2d 314, 318 (1952)); *see also Lopez*, 112 Cal. App. 2d at 318 ("In order to establish a case of

civil assault and battery, all that is necessary is that the evidence show that plaintiff's injury was caused by defendant's violence, or that defendant acted with wanton, willful or reckless disregard of plaintiff's rights.").

As pertinent here, Plaintiff alleges that Vangilder and Vasquez were "horse playing" with a "military-grade" grenade, designed to release a painful chemical, in a confined space that connected to Plaintiff's pod. *See* SAC ¶¶ 13-16. Vangilder subsequently "dropped the grenade, causing it to detonate," after which he and Vasquez opened the windows to the control booth, causing the OC to seep into Plaintiff's living space and injure him. *See id.* ¶¶ 18-19. Drawing all inferences in Plaintiff's favor, as the Court must do at this stage of the litigation, the Court finds that Plaintiff has adequately pled facts sufficient to support an inference that Vangilder demonstrated "willful disregard" for his rights. It is plausible that Vangilder's alleged carelessness with a device designed to release a painful chemical into the air near Plaintiff's living space was sufficiently reckless to warrant a finding of intent. Any failure of actual proof on this claim can be addressed on a motion for directed verdict at trial.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

Dated: June 8, 2018

                                                                                                       *Haywood S. Gilliam Jr.*
                                                                                                       HAYWOOD S. GILLIAM, JR.
                                                                                                       United States District Judge