UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>J. VANGILDER, et al.,<br><br>    Defendants. | Case No. 16-cv-01320-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 234 |

Pending before the Court is Defendants' motion to stay the Court's February 3, 2021 Attorneys' Fees Order. Dkt. No. 234. For the reasons detailed below, the Court **GRANTS** the motion.

**I. DISCUSSION**

The parties are familiar with the facts of this case, so the Court only briefly addresses them here. On June 21, 2019, the jury returned a verdict in favor of both Plaintiff Daniel Manriquez in this case and Plaintiff Daniel Cisneros in related case *Cisneros v. Vangilder*, 16-cv-00735-HSG. *See* Dkt. No. 209. Final judgment was subsequently entered in favor of each Plaintiff against Defendants Vangilder (in the amount of $1,000) and Vasquez (in the amount of $1,500). *See* Dkt. No. 223. On February 3, 2021, the Court granted in part Plaintiff Manriquez's motion for attorneys' fees, awarding $259,237.50 in attorneys' fees to Plaintiff Manriquez as a prevailing party under California Code of Civil Procedure § 1021.5. *See* Dkt. No. 232. Defendants have appealed this order to the Ninth Circuit, Case No. 21-15403. *See* Dkt. No. 233. Defendants now ask the Court to stay the attorneys' fees order pending appeal, without requiring the State of

California[1] to post a supersedeas bond. Dkt. No. 234.

Under Federal Rule of Civil Procedure 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The Ninth Circuit has held, however, that the Court has "inherent discretionary authority in setting supersedeas bonds," *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and may "waive the bond requirement if it sees fit," *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc). The bond is intended to "ensure[] that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment." *See Rachel*, 831 F.2d at 1505, n.1. As such, courts typically consider five factors to determine whether waiver is appropriate:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond wound be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*See Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (quotations and internal citations omitted).

Defendants' primary argument relates to the fourth *Dillon* factor—that California's ability to pay the attorneys' fees award is so plain that the cost of the bond would be a waste of money. *See* Dkt. No. 234 at 4–6. Defendants point out that California "just enacted a budget with $138 billion in its General Fund," and that the $259,237.50 award at issue here is just a small fraction of that. *Id.* at 6. Defendants also note that "as a sovereign taxing authority," California has the means to pay. *Id.* at 4, 6. Although Defendants do not explain the collection process in detail,

---

[1] Defendants explain that because they are employees of the California Department of Corrections and Rehabilitation ("CDCR"), "an instrumentality of the State of California," California "is responsible for the fee award." *See* Dkt. No. 234 at 1, 5.

2

they cite to a 2014 district court case in which California's "process for payments of judgments" is discussed. *See id.* at 5 (citing *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, No. 3:09-CV-1955-CAB-MDD, 2014 WL 12669557, at *3 (S.D. Cal. Aug. 28, 2014)). In *Pauma*, the Chief Counsel in the State Controller's Office explained that "a federal writ of execution against State funds will be paid without the necessity of a prior appropriation of funds by the Legislature." 2014 WL 12669557 at *3. Defendants further note that to the extent there were not sufficient funds to pay the judgment, "[t]he California Legislature regularly enacts legislation for the payment of judgments . . . ." *See* Dkt. No. 234 at 5 (citing 2018 and 2019 appropriation bills).

In response, Plaintiff argues that Defendants have not met their burden to establish that a bond is unnecessary, and that Defendants should post a bond at 1.25 to 1.5 times the Court's fee award to obtain a stay. *See* Dkt. No. 239. More specifically, Plaintiffs suggest that Defendants have not "agreed unconditionally to pay the judgment in this case," including any accrued interest. *See id.* at 3 (quotation omitted). Plaintiff relies on two district court cases, *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999 (N.D. Cal. 2012) and *Rodriguez v. Hernandez*, 304 F. Supp. 2d 227 (D.P.R. 2004). *See* Dkt. No. 239 at 2–3. Yet both are inapposite.

In *Cotton*, the defendant-municipality argued that it had sufficient funds to pay the $4.575 million judgment based on its insurance policies. 860 F. Supp. 2d at 1028. Although the insurers confirmed there were "no coverage issues," they did not confirm that they would actually satisfy the judgment. *Id.* The court reasoned that there was thus not "absolute certainty that the [entity] ha[d] agreed unconditionally to pay the judgment" and the "possibility" of payment was not an acceptable substitute "for the guarantees provided by a supersedeas bond." *Id.* (quotation omitted). Similarly, in *Rodriquez*, the court found that the Puerto Rican government did not provide adequate assurance that it would actually pay the $1.9 million judgment against the defendants because under local law the Secretary of Justice could refuse to assume payment of the judgment if it found that the public officers' acts, taken in the course of their employment, were not committed in good faith. 304 F. Supp. 2d at 230–31. Here, in contrast, Defendants have confirmed that California "is responsible for the fee award," and that "[i]f the order is affirmed,

3

[CDCR] will pay the fees—as it always does." *See* Dkt. No. 234 at 1–2. Plaintiffs have not proffered any reason for the Court to discredit Defendants' assertion that it will pay the fee award if the Ninth Circuit affirms. Ultimately, the Court agrees that the State's ability to pay the modest award in this case is so plain that the cost of bond would be a waste of money. The Court therefore exercises its discretion to waive the requirement of a bond in this case pending Defendants' appeal to the Ninth Circuit.

## II. CONCLUSION

Accordingly, the Court **GRANTS** the motion. The February 3, 2021 Order is hereby stayed pending Defendants' appeal. Defendants are not required to post a supersedeas bond.

**IT IS SO ORDERED.**

Dated: 5/4/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

4